UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 6076**

---

MARIA HOLZHAUER AND GEORGE HOLZHAUER,

                      Plaintiff(s)

-against-

J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY CORPORATION, INC. D/B/A J.C. PENNEY,

                      Defendant(s)

---

Civil Action No.:

**NOTICE OF REMOVAL**

## NOTICE OF REMOVAL

*AND NOW*, comes defendant **J.C. PENNEY CORPORATION INC. S/H/A J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY CORPORATION, INC. D/B/A J.C. PENNEY**, by and through its attorneys, **MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**, and respectfully avers as follows:

1. Defendant J.C. Penney Corporation Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in the State of Texas.

2. The plaintiffs have commenced a civil action against the defendant in the Supreme Court of the State of New York, County of Orange (Index No. 5022/2008). The Summons and Complaint, being the originally served process of this case, were first received by this defendant on June 3, 2008. Attached hereto and marked as *Exhibit "A"* is a true and correct copy of the Plaintiff's Summons and Verified Complaint. Attached hereto and marked as *Exhibit "B"* is a true and correct copy of Defendant's Verified Answer and Notice to Take Deposition.

3. It is alleged in the Summons that plaintiff was and still is a resident of the State of New York, and therefore is a citizen of the State of New York.

4. In the Complaint, the plaintiff has made a claim exceeding the jurisdictional limits of all lower Courts. I contacted plaintiff's counsel and requested that he stipulate that his client's damages did not exceed $75,000 and he would not agree to do so and therefore, the sum in controversy, exclusive of interest and costs, is in excess of $75.000 Dollars.

5. Diversity of citizenship exists between the plaintiff, a New York resident, and the defendant, J.C. Penney Corporation Inc., a Delaware corporation with principal place of business in Texas.

**WHEREFORE,** defendant respectfully request that the above-captioned matter, now pending in the Supreme Court of the State of New York, County of Orange, be removed therefrom to this Honorable Court.

Dated: New York, New York
July 1, 2008

Yours, etc.

_____
**MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS**
BY: **THOMAS G. DARMODY (TGD 8368)**
Attorney for Defendant(s)
J.C. Penney Corporation Inc.
39 Broadway, Suite 950
New York, NY 10006
(212) 968-8300
File # 003776.000040

TO: **DEPROSPO, PETRIZZO & LONGO**
Joseph P. Petrizzo, Esq.
Attorney for Plaintiff(s)
42 Park Place
Goshen, NY 10942
(845) 294-3361

FEB-09 1996 16:46 FR                           TO 919135989325   P.02/13

DATE OF FILING: 5/14/08
INDEX NUMBER: 2008-5022

Plaintiffs designate
Orange County
as the place of trial.

The basis of venue is
Plaintiffs' residence.

Plaintiffs reside at
1 Overhill Lane
Warwick, NY 10990

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------X
MARIA HOLZHAUER and GEORGE HOLZHAUER,

              Plaintiffs,
   -against-                                    **SUMMONS**

J.C. PENNEY CORPORATION, INC. and J.C.
PENNEY CORPORATION, INC. d/b/a J.C. PENNEY,
              Defendants.
----------------------------------------X

To the above named Defendant(s):

   YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

                              DePROSPO, PETRIZZO & LONGO

                              By: _____
                                   Joseph P. Petrizzo
                              Attorneys for Plaintiff(s)
                              Office and Post Office Address
                              42 Park Place
                              Goshen, New York 10924
                              Telephone No.: (845) 294-3361

Dated: May 8, 2008
DEFENDANTS' ADDRESS:
See Verified Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------X
MARIA HOLZHAUER and GEORGE HOLZHAUER,

               Plaintiffs,

- against -

J.C. PENNEY CORPORATION, INC. and J.C.
PENNEY CORPORATION, INC. d/b/a J.C. PENNEY,

               Defendants.
----------------------------------------X

VERIFIED COMPLAINT

Index # 2008-5022

Plaintiffs, by attorneys, DEPROSPO, PETRIZZO & LONGO, ESQS. as and for the Verified Complaint herein, alleges as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MARIA HOLZHAUER

1. That at all times hereinafter mentioned, the plaintiffs were and still is are residents of the County of Orange, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., was and still is a foreign corporation duly incorporated within the State of Delaware.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., was and still is a foreign corporation authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, was and still is a

domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, was and still is a foreign corporation duly incorporated within the State of Delaware.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, was and still is a foreign corporation authorized to do business within the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, was and still is a business entity doing business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., was the owner of a certain store premises, located at One N. Galleria Drive, Galleria at Crystal Run, Middletown, County of Orange, State of New York, known as "J C Penney".

11. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., was the lessee of the aforesaid store premises.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., maintained the aforesaid store premises.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., controlled the aforesaid store premises.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC., operated the aforesaid store premises.

15. That at all times hereinafter mentioned, upon information and belief, the

defendant, J.C. PENNEY CORPORATION, INC., managed the aforesaid store premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, was the owner of a certain store premises, located at One N. Galleria Drive, Galleria at Crystal Run, Middletown, County of Orange, State of New York, known as "J C Penney".

17. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, was the lessee of the aforesaid store premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, maintained the aforesaid store premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, controlled the aforesaid store premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, operated the aforesaid store premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, J.C. PENNEY CORPORATION, INC. d/b/a J.C. PENNEY, managed the aforesaid store premises.

22. That at all times hereinafter mentioned, the mens clothing section of the aforesaid store, more specifically in the area of the mens' sock displays was the situs of the within incident.

23. That on or about the 14th day of December, 2007, this plaintiff was lawfully upon the aforesaid premises and a patron thereof.

24. That on or about the 14th day of December, 2007, while this plaintiff was lawfully upon the aforesaid premises she was caused to trip over the base of a display



rack that contained socks, thereby sustaining severe and serious personal injuries.

25. That the incident and the injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees.

26. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous and unsafe conditions to exist on the aforesaid store premises; in negligently placing a display rack in a manner so as to cause its base to protrude out into the walking aisle thereby causing a tripping hazard; in failing to properly maintain the aforesaid store premises, specifically the area of the mens sock displays; in failing to correct a dangerous, hazardous and defective condition; in creating a dangerous, hazardous and defective condition, in particular, the base of the display rack to stick out creating a tripping hazard; in creating a trap; in negligently utilizing a display rack wherein the base of the rack protrudes out a significant amount more than the actual display; in failing to use a proper display rack for the items being displayed; in failing to warn persons in the store including the plaintiff herein of the tripping hazard; in failing to block off, rope off and/or barricade off the base of the display rack; in failing to post warning signs; in negligently allowing, causing and/or permitting a display rack to be in such a manner that it posed a danger to persons in the area, including the plaintiff herein; in hiring inept, incompetent and/or unskilled employees; in acting with reckless disregard for the safety of others; in failing to warn patrons of the hazardous and dangerous condition; in failing to maintain the aforesaid premises in a safe and reasonable manner; in negligently placing the display rack so as to cause the base to protrude into the walking area; in acting with reckless disregard for the safety of others; in failing to take reasonable and adequate precautions to prevent the incident which occurred herein; and in other ways being negligent, wanton, reckless and careless.

27. The limited liability provisions of C.P.L.R. section 1601 do not apply

pursuant to C.P.L.R. 1602(7) on the grounds that the defendants acted with reckless disregard for the safety of others including the plaintiff herein.

28. The defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions complained of herein, in that said conditions existed for a sufficient length of time prior to the occurrence of the within incident and the defendants, in the exercise of due care, could have and should have had or obtained knowledge and notice thereof and, further, the defendants, their agents, servants and/or employees created said conditions as they set up the display racks.

29. As a result of this incident, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident; this plaintiff was further caused to lose substantial periods of time from her normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

30. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

### AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, GEORGE HOLZHAUER

31. This plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs numbered "1" through "29" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

32. That as a result of the aforementioned, this plaintiff, the lawful wedded spouse of the plaintiff in the First Cause of Action, has and will suffer the loss and impairment of the spouse's services, society, and consortium, all to the damage of this plaintiff in the sum which exceeds the jurisdictional limits of all lower courts which would

have jurisdiction of this matter.

WHEREFORE, plaintiffs demand judgment against the defendants and each of them as follows:

(1) On the First Cause of Action a sum which the jury would find to be fair adequate and just, and

(2) On the Second Cause of Action a sum which the jury would find to be fair, adequate and just, together with the costs and disbursements of this Action.

Yours, etc.,

DEPROSPO, PETRIZZO & LONGO, ESQS.
Attorneys for Plaintiff(s)
Office & P.O. Address
42 Park Place
Goshen, New York 10924

BY: _____
JOSEPH R. PETRIZZO, ESQ.

TO: J.C. PENNEY CORPORATION, INC.
Defendant
c/o Secretary of State
41 State Street
Albany, NY 12231

J.C. PENNEY CORPORATION, INC.
d/b/a J.C. PENNEY
Defendant
One North Galleria Drive
Galleria at Crystal Run
Middletown, New York 10941

STATE OF NEW YORK : COUNTY OF ORANGE           ss:

MARIA HOLZHAUER, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
MARIA HOLZHAUER

Sworn to before me on
May 12, 2008

_____
NOTARY PUBLIC

KAREN M. GNECCO-FOSTER
Notary Public, State Of New York
Qualified In Orange County
Registration #01GN4984369
Commission Expires July 28, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------

MARIA HOLZHAUER AND GEORGE HOLZHAUER,

                                  Plaintiff(s)

-against-

J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY
CORPORATION, INC. D/B/A J.C. PENNEY,

                                  Defendant(s)
-----------------------------------------------------------------

Index No.:5022/08

**VERIFIED ANSWER**

**S I R S:**

        Defendant(s), **J.C. PENNEY CORPORATION INC. S/H/A J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY CORPORATION, INC. D/B/A J.C. PENNEY Co.**, by and through its attorneys, MINTZER SAROWITZ ZERIS LEDVA & MEYERS, as and for its Verified Answer to the Verified Complaint herein, upon information and belief, respectfully alleges as follows:

### FIRST CAUSE OF ACTION

        1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs '1', '10', '12', '13', '14', '15', '22' and '27' of the Complaint herein.

        2.     Denies each and every allegation contained in paragraphs '2', '6', '7', '8', '9', '16', '17', '18', '19', 20', '21', '23', '24', '25', '26', '28', '29' and '30' of the Complaint herein.

### SECOND CAUSE OF ACTION

        3.     Answering paragraph "31" of the Verified Complaint herein, repeats and reiterates each and every admission and denial heretofore made in paragraphs "1" through "30" with the same force and effect as of set forth herein at length hereinafter.

        4.     Denies each and every allegation contained in paragraph '32' of the Complaint herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The answering defendant alleges, upon information and belief, that whatever injuries were sustained by said plaintiff or whatever damages were sustained by said plaintiff at the time and place alleged in the complaint were the result of the culpable conduct of said plaintiff and the answering defendant pleads such culpable conduct in diminution of damages. If a verdict or judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That, upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care, property damage or rehabilitative services, loss of earnings or any other economic loss, has been or will be with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined by Section 4545(a) of the New York Civil Practice Law and Rules.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That all risks and dangers connected with the situation at the time and place mentioned in the Verified Complaint were open, obvious and apparent and were known to and assumed by the plaintiff herein.

**WHEREFORE**, defendant(s), **J.C. PENNEY CORPORATION INC.** demands judgment dismissing the complaint of the plaintiff(s) herein, together with the costs and disbursements of this action.

Dated: New York, New York
July 1, 2008

Yours, etc.

_____

**MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS**
**BY: THOMAS G. DARMODY (TGD 8368)**
Attorney for Defendant(s)
J.C. Penney Corporation Inc.
39 Broadway, Suite 950
New York, NY 10006
(212) 968-8300
File # 003776.000040

TO: **DEPROSPO, PETRIZZO & LONGO**
Joseph P. Petrizzo, Esq.
Attorney for Plaintiff(s)
42 Park Place
Goshen, NY 10942
(845) 294-3361

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------
MARIA HOLZHAUER AND GEORGE HOLZHAUER,

                                                    Plaintiff(s)

            -against-

J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY
CORPORATION, INC. D/B/A J.C. PENNEY,

                                                    Defendant(s)
-------------------------------------------------------------------

Index No.:5022/08

**NOTICE TO TAKE DEPOSITION**

**S I R S:**

      **PLEASE TAKE NOTICE** that we will take the deposition of the following parties or persons, before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and material issues, as authorized by Article 31 of the CPLR:

| | |
|---|---|
| TO: | All Parties |
| DATE: | October 1, 2008 |
| TIME: | 10:00 a.m. |
| PLACE: | Offices of Mintzer Sarowitz Zeris Ledva & Meyers<br>39 Broadway, Suite 950<br>New York, New York 10006<br>Tel.: (212) 968-8300 |

      **PLEASE TAKE FURTHER NOTICE**, that the person to be examined is required to produce books, records, papers, documents, photographs, X-Rays, etc., in her custody and possession that may be relevant to the above captioned matter.

Dated: New York, New York
       July 1, 2008

Yours, etc.

_____
MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS
BY: THOMAS G. DARMODY (TGD 8368)
Attorney for Defendant(s)
J.C. Penney Corporation Inc.
39 Broadway, Suite 950
New York, NY 10006
(212) 968-8300
File # 003776.000040

TO: **DEPROSPO, PETRIZZO & LONGO**
Joseph P. Petrizzo, Esq.
Attorney for Plaintiff(s)
42 Park Place
Goshen, NY 10942
(845) 294-3361

## ATTORNEY VERIFICATION

**THOMAS G. DARMODY**, an attorney duly licensed to practice law in the State of New York affirms the following statements to be true under penalties of perjury:

1. I am an associate of the firm of MINTZER SAROWITZ ZERIS LEDVA & MEYERS, attorneys for the defendant, J.C. PENNEY CORPORATION INC.

2. I have read the foregoing Answer and know the contents thereof, that the same is true to my own knowledge, except as to matters d to be alleged upon information and belief, and as to those matters I believe to be true.

3. I make this Verification because defendants reside outside the county their attorneys maintain their offices.

4. The source of my knowledge is conversations with defendant and/or review of notes, reports, records, and memoranda contained in the file maintained by our office for the defense of this action.

Dated: New York, New York
July 1, 2008

_____
THOMAS G. DARMODY